**FILED**

NOT FOR PUBLICATION

JUN 26 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL LUCAS, dba Solar Engineering and Contracting, | No. 05-17423 |
| Plaintiff - Appellant, | D.C. No. CV-03-00295-HG |
| v. | MEMORANDUM* |
| CITIZENS COMMUNICATIONS COMPANY; KAUAI ISLAND UTILITY COOPERATIVE, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted June 6, 2007
Honolulu, Hawaii

Before: THOMPSON, BERZON, and TALLMAN, Circuit Judges.

Paul Lucas, dba Solar Engineering and Contracting, appeals the district court's summary judgment in favor of Citizens Communications Company, dba Kauai Electric ("KE"), and its successor, Kauai Island Utility Cooperative

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

("KIUC"). Lucas contends that KE violated the Sherman Act, 15 U.S.C. §§ 1, 2, and the Robinson-Patman Act, 15 U.S.C. § 13, by forcing solar water heater installers who were affiliated contractors under its Energy Wise program to sell solar water heaters at fixed low prices. Lucas was a participating Energy Wise solar water heater installer from 1998 until 2000, when he was terminated because, according to KE, he violated the terms of the Participation Agreement by charging customers in excess of the maximum allowable cost for a solar water heater system.

Lucas further contends that he is entitled to punitive damages and that KE defamed him by telling a potential customer that he "overcharged people."

Because Lucas establishes neither antitrust injury nor defamation, we affirm the district court's grant of summary judgment in favor of KE and KIUC on all claims.

Lucas failed to allege facts in his complaint sufficient to establish jurisdiction under the Sherman Act, which requires "the existence of a demonstrable nexus between the defendants' activity and interstate commerce." *McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 246 (1980). However, at oral argument, Lucas explained that such a nexus exists, as many of the solar water heaters are manufactured outside of the State of Hawai'i and KE's

2

activities thus would have a substantial effect on interstate commerce. KE did not contest this explanation.

Lucas's claims under §§1 & 2 of the Sherman Act, however, are fundamentally flawed because he fails to "allege and prove harm, not just to a single competitor, but to the competitive process, *i.e.*, to competition itself." *NYNEX Corp. v. Discon, Inc.*, 525 U.S. 128, 135 (1998). While Lucas has adduced evidence showing damage to his own business, he has failed to demonstrate damage to the solar water heater market as whole. *See Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 458 (1993) ("The purpose of the Act is not to protect businesses from the working of the market; it is to protect the public from the failure of the market."). As the Supreme Court has often stated, "[t]he antitrust laws . . . were enacted for 'the protection of competition not competitors.'" *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 488 (1977) (quoting *Brown Shoe Co. v. United States*, 370 U.S. 294, 320 (1962)).

Furthermore, Lucas fails to establish two elements necessary to make out a claim under § 1 of the Sherman Act: concerted action between two or more entities and an unreasonable restraint of trade injuring competition. *Am. Ad Mgmt. v. GTE Corp.*, 92 F.3d 781, 788 (9th Cir. 1998). Section 1 of the Sherman Act is concerned only with unlawful restraints imposed pursuant to arrangements

3

between two or more actors; KE's unilateral action in fixing maximum price restraints does not fall within the bounds of conduct prohibited under § 1. *See Bus. Elecs. Corp. v. Sharp Elecs. Corp.*, 485 U.S. 717, 726-27 (1988); *Fisher v. City of Berkeley*, 475 U.S. 260, 266-67 (1986); *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 761 (1984); *United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919).

In any event, no per se unlawful horizontal restraint exists. No matter how favorably one construes the facts in favor of Lucas, the Participation Agreement between KE and the installers cannot be interpreted as a horizontal agreement because KE and the installers operate at different levels of the market and are not competitors — Lucas does not sell electricity and KE does not sell or install solar water heaters. *See Bus. Elec. Corp.*, 485 U.S. at 730 & n.4.

If we were to construe the maximum prices established under the Energy Wise program as a vertical restraint, Lucas fails to establish under the rule-of-reason analysis that the restraint is unlawful. *See Cont'l T. V., Inc. v. GTE Sylvania Inc.*, 433 U.S. 36, 57-59 (1977). Lucas has not adduced evidence demonstrating that KE intended to harm or restrain competition, that an actual injury to competition occurred, or that the restraint is unreasonable. *See Am. Ad Mgmt.*, 92 F.3d at 789.

Lucas likewise has failed to adduce evidence to support his § 2 claim that KE monopolizes or attempts to monopolize the solar water heater market on Kauai. Lucas has not established that KE had a dominant market share in the solar water heater market; to the contrary, KE was not a participant in the relevant market because it neither sold nor bought water heaters. *See Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1206 (9th Cir. 1997) (on remand). In addition, Lucas has made no showing that KE has engaged in predatory or anticompetitive conduct with a specific intent to monopolize. *See Spectrum Sports*, 506 U.S. at 456.

Lucas failed to amend his complaint in the district court to include a claim under the Robinson-Patman Act, 15 U.S.C. § 13, and raised this issue only in his response to KE's motion for summary judgment. Simply alleging violations of the Sherman Act is not sufficient to make out a claim under the Robinson-Patman Act, as the Robinson-Patman Act is separate legislation providing an independent ground for relief. *See* Fed. R. Civ. P. 8(a). As such, Lucas's § 13 claim is not properly before us. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990).

If we were to exercise our discretion to consider Lucas's Robinson-Patman Act claim, however, we would dismiss it for lack of jurisdiction. In contrast to the

Sherman Act, the jurisdictional requirements of the Robinson-Patman Act "cannot be satisfied merely by showing that allegedly anticompetitive acquisitions and activities affect commerce." *Gulf Oil Corp. v. Copp Paving Co., Inc.*, 419 U.S. 186, 195 (1974). Rather, under the Supreme Court's decision in *Gulf Oil*, Lucas must demonstrate that (1) KE engaged in interstate commercial activities, (2) KE's alleged unlawful rebate scheme and discriminatory pricing occurred in the course of its interstate activities, and (3) at least one of KE's allegedly discriminatory sales was made in interstate commerce. *Id.* Because Lucas concedes that the Energy Wise program operates only on the island of Kauai, Lucas cannot satisfy the jurisdictional requirements of § 13.

Lucas concedes that his antitrust claims under Hawai'i State law rest on the same evidentiary bases and legal analysis as his federal antitrust claims; thus, his state antitrust claims must likewise fail. *See Island Tobacco Co. v. R.J. Reynolds Tobacco Co.*, 627 P.2d 260, 267-68 (Haw. 1981), *overruled on other grounds by Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co.*, 982 P.2d 853 (Haw. 1999).

We also conclude that the district court did not abuse its discretion by excluding Walter Lewis's declaration, *see United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004), because the declaration was speculative, lacked foundation,

was not based on personal knowledge, and was not relevant to Lucas's claims under antitrust law, *see* Fed. R. Evid. 401, 402, 701, 702, 703.

Finally, the district court correctly granted summary judgment in favor of KE on Lucas's defamation claim because Lucas himself admitted that he charged people more than the set maximum price, and "[t]ruth is an absolute defense to defamation." *Gonsalves v. Nissan Motor Corp. in Haw., Ltd.*, 58 P.3d 1196, 1220 (Haw. 2002) (internal quotation marks omitted) (alteration in original).

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 21 2007

by:
   Deputy Clerk